**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ERNEST J. THOMAS,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0714-20-0654-I-1 |
| 　　　v. | |
| DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　Agency. | DATE:  January 24, 2025 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Joseph Emanuel Wade, Miami, Florida, for the appellant.

Caroline E. Johnson, St. Petersburg, Florida, for the agency.

Kristin Ann Langwell, Esquire, Tampa, Florida, for the agency.

**BEFORE**

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*The Board members voted on this decision before January 20, 2025.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal under the authority of the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), Pub. L. No. 115-41, § 202(a), 131 Stat. 862, 869-73 (2017) (codified at 38 U.S.C. § 714). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

Effective June 26, 2020, the agency removed the appellant from his position as a WG-2 Housekeeping Aid under 38 U.S.C. § 714 based on the charge of failure to maintain a regular work schedule. Initial Appeal File (IAF), Tab 4 at 17, 19-21, 23. Specifically, the agency alleged that the appellant was continuously absent from duty between March 5 and June 5, 2020, and that he did not contact his supervisor during this timeframe. *Id*. at 23. The appellant appealed his removal to the Board, averring that he suffered an addiction-related relapse during the relevant period and that, although the agency was aware of his struggles, it failed to refer him to Employee Assistance Program (EAP) or offer any assistance. IAF, Tab 1 at 3, 5. Following a prehearing conference, the administrative judge explained that, because the appellant had alleged that he informed the agency of the relapse, he may be entitled to leave under the Family and Medical Leave Act of 1993 (FMLA) during the relevant period. IAF, Tab 11 at 3. He also informed the appellant that he would consider the appellant's claim that the agency failed to refer him to EAP as a claim of harmful error, and informed him of the evidentiary burdens associated with the same. *Id*. at 3-4.

After holding a hearing, the administrative judge issued an initial decision finding that the agency proved its charge of failure to maintain a regular work schedule by substantial evidence. IAF, Tab 29, Initial Decision (ID) at 2-4. In so

finding, he concluded that the appellant had been absent from duty from March 5 to June 5, 2020, and that he made no attempt to contact the agency regarding his medical conditions or his absence until after his shift ended on June 5, 2020. ID at 4. The administrative judge also found that the agency established that its removal action did not interfere with the appellant's FMLA rights and that the penalty of removal was supported by substantial evidence. ID at 4-8. Lastly, he concluded that the appellant did not prove his claim of harmful error with respect to the agency's alleged failure to refer him to EAP because the appellant did not present evidence establishing that the agency violated any law, rule, regulation, or policy related thereto. ID at 8-9.

The appellant filed a petition for review, arguing, among other things, that he was entitled to FMLA-protected leave during the relevant period and that the agency committed various acts of improprieties prior to and during the hearing. Petition for Review (PFR) File, Tabs 1-2. The agency has filed a response in opposition to the appellant's petition for review, and the appellant has filed a reply. PFR File, Tabs 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's arguments on review do not provide a basis to disturb the administrative judge's findings sustaining the charge.

On review, the appellant effectively concedes that he was absent from work between March 5 and June 5, 2020. PFR File, Tab 1 at 4. However, he contends that he was entitled to FMLA-protected leave during the relevant period, but that he was unable to request the same due to exigent circumstances related to his relapse and health, and that when he did attempt to request FMLA-protected leave by calling agency management on June 5, 2020, management disregarded him. *Id*. at 4-5. If an agency bases an adverse action on its interference with an employee's rights under the FMLA, the adverse action is a violation of law and cannot be sustained. *Gross v. Department of Justice*, 77 M.S.P.R. 83, 90 (1997).

As relevant here, an employee may be eligible for FMLA-protected leave if the employee suffers from a "serious health condition." 5 U.S.C. § 6382(a)(1)(D). An employee's use of an illegal substance constitutes a "serious health condition" only if "the employee is receiving treatment for substance abuse by a health care provider or by a provider of health care services on referral by a health care provider." *See* 5 C.F.R. § 630.1202 (definition of "[s]erious health condition").

Here, the appellant has not provided a basis to disturb the administrative judge's conclusion that his addiction did not qualify as a "serious health condition" because there is no evidence that he received medical treatment for his drug addiction between March 5 and June 5, 2020. ID at 6; *see* 5 C.F.R. § 630.1202. Moreover, he has not provided any basis to disturb the administrative judge's alternative conclusion that, even assuming that the appellant's medical issues constituted a "serious health condition," the appellant did not show that it was unfeasible for him, or for anyone else acting on his behalf, to contact the agency and relay his need for leave between March 5 and June 5, 2020. ID at 6-7; *see* 5 C.F.R. § 630.1207(d)-(e) (stating that generally an employee should provide 30 calendar days' notice of the need for FMLA leave, but, if the need for leave is unforeseeable, an employee must provide notice "within a reasonable period of time appropriate to the circumstances involved"). Thus, we discern no basis to disturb the administrative judge's findings that the agency proved its charge by substantial evidence. ID at 4.

The appellant's arguments on review do not provide a basis to disturb the administrative judge's findings regarding his affirmative defense of harmful error.

The appellant also reiterates on review that agency management committed harmful error by failing to offer him EAP services, arguing that, although the agency mailed him two return-to-duty letters that specifically informed him of the availability of EAP services, the agency should have done more to ensure that he had received these letters, and that it should have offered him training on EAP

services or sent agency police to conduct a welfare check on him. PFR File, Tab 1 at 5-6, Tab 2 at 5-6, Tab 5 at 7; IAF, Tab 4 at 26-28, 30-32. The appellant identifies no law, regulation, rule, or policy that he believes the agency violated, and vague and conclusory assertions do not undermine the administrative judge's reasoned conclusion that the appellant failed to offer evidence of any procedural error on the part of the agency, much less an error that would have resulted in a different outcome. ID at 9; *see Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 10 (2015) (explaining that a procedural error is harmful only when the record shows that an error by the agency was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error); 5 C.F.R. § 1201.4(r). Thus, we discern no basis to disturb the administrative judge's findings regarding the appellant's affirmative defense of harmful error. ID at 9.

The appellant has not presented allegations on review that would warrant a different outcome.

In general, the appellant's assertions on review of agency wrongdoing, including allegations of deception, coercion, perjury, and slander, are far too vague and unsubstantiated to warrant a different outcome. *See Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (explaining that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge and concluding that the appellant's petition contained neither evidence nor argument demonstrating error by the administrative judge). However, the appellant identifies two specific purported improprieties committed by agency personnel during the hearing, namely, that at an unspecified point during the hearing, he saw two agency witnesses together in the same room and that an agency employee who was not a witness was allowed to "participate" in the hearing. PFR File, Tab 1 at 6. The appellant appears to be referring to the administrative judge's ruling that an agency employee, who was not a witness, was permitted to observe the Zoom

hearing.[2]  IAF, Tab 22, Hearing Recording at 05:40 to 06:55 (statement of the administrative judge).  Nevertheless, the appellant has failed to explain how either of these purported errors adversely affected his substantive rights, and thus, they do not warrant a different outcome.  *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (explaining that the administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

<u>We remand the matter for the administrative judge to provide the parties with an opportunity to present evidence and argument regarding whether the agency's error in sustaining the removal based on substantial evidence harmed the appellant.</u>

Notwithstanding the above findings, remand of this appeal is required for a different reason.  To this end, the deciding official here sustained the agency's action because she found that there was substantial evidence to support the charge levied against the appellant.  IAF, Tab 4 at 19.  After the initial decision in this appeal was issued, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) found in *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1296-1301 (Fed. Cir. 2021), that the agency had erred by applying the substantial evidence standard to its internal review of a disciplinary action under 38 U.S.C. § 714.  The Federal Circuit found that substantial evidence is the standard of review to be applied by the Board, not the agency, and that the agency's deciding official must apply the preponderance of evidence standard in determining whether the appellant's performance or misconduct warrants the action at issue. *Rodriguez*, 8 F.4th at 1298-1301; *see Bryant v. Department of Veterans Affairs*, 26 F.4th 1344, 1347 (Fed. Cir. 2022) (agreeing with the appellant's contention that the agency's decision was legally flawed when the deciding official found the charge proven merely by substantial evidence rather than preponderant evidence, as required by *Rodriguez*).

---

[2] Board hearings are generally open to the public.  *See* 5 C.F.R. § 1201.52(a).

The Federal Circuit's decision in *Rodriguez* applies to all pending cases, regardless of when the events took place. *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 22. The administrative judge and the parties here did not have the benefit of *Rodriguez* prior to the close of record. We therefore remand this case for adjudication of whether the agency's application of the substantial evidence standard was harmful error. *See id.*, ¶ 23 (finding it appropriate to apply the harmful error standard from 5 U.S.C. § 7701(c)(2) actions taken under 38 U.S.C. § 714).

On remand, the administrative judge should allow the parties an opportunity to present evidence and argument regarding whether the agency considered the *Douglas* factors in determining the penalty.

In *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1325-26 (Fed. Cir. 2021), which was also issued subsequent to the initial decision, the Federal Circuit determined that the Board must consider and apply the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), in its review of an agency's penalty selection under an action taken pursuant to 38 U.S.C. § 714. The Federal Circuit held that, although section 714 precludes the Board from mitigating the agency's chosen penalty, "[i]t does not alter the penalty review with respect to the *Douglas* factors," *Connor*, 8 F.4th at 1326, and that, while the Board cannot mitigate the penalty, "if the Board determines that the [agency] failed to consider the *Douglas* factors or that the chosen penalty is unreasonable, the Board must remand to the [agency] for a redetermination of the penalty," *id*. at 1326-27 (citing *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1325 (Fed. Cir. 2021) (explaining that "if the [Board] concludes that the [agency's] removal decision is unsupported by substantial evidence, the [Board] should remand to the [agency] for further proceedings")). As we found with the *Rodriguez* case, the Federal Circuit's decision in *Connor* applies to all pending cases, regardless of when the events at issue took place. *See Semenov*, 2023 MSPB 16, ¶¶ 22, 49-50.

Here, although it appears that the administrative judge did consider the *Douglas* factors in his penalty determination, it is unclear from the record as to whether the agency properly considered the *Douglas* factors in deciding to remove the appellant. ID at 7-8, IAF, Tab 4 at 19-24. On remand, the administrative judge shall permit the parties to submit additional evidence and argument, including a supplemental hearing if requested by the appellant, addressing the penalty issue. *See Semenov*, 2023 MSPB 16, ¶ 50. In reviewing the penalty, the administrative judge should determine whether the agency proved by substantial evidence that it properly applied the *Douglas* factors and whether the agency's penalty selection was reasonable, and, if not, the administrative judge should remand the appellant's removal to the agency for a new decision on the appropriate penalty. *See id.* (citing *Connor*, 8 F.4th at 1326-27; *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1375-76, 1379 (Fed. Cir. 2020)).[3]

---

[3] If remanded to the agency, the agency should be mindful of its obligations to provide the appellant with the necessary due process. *See Brenner*, 990 F.3d at 1324 (observing that the VA Accountability Act maintains due process protections for employees); *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1375-77 (Fed. Cir. 1999).

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. As outlined above, the administrative judge shall address whether the agency's error in applying the substantial evidence burden of proof to its action was harmful. If the administrative judge determines that the agency's error in applying the incorrect burden of proof was not harmful, then he shall determine whether the agency proved by substantial evidence that it applied the relevant *Douglas* factors and that the penalty was reasonable.[4] The administrative judge may, if appropriate, incorporate into the remand decision his prior findings concerning the agency's proof of its charges and his findings on the appellant's affirmative defense.[5]

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[4] If the administrative judge finds that the agency committed harmful error such that the disciplinary action is not sustained, he need not address the penalty issue.

[5] If any argument or evidence adduced on remand affects the administrative judge's prior analysis of any issue in this appeal, he should address such argument in the remand initial decision.